**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 5, | § § § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 6:16-cv-59 |
| MARY SUE RIDDLE, | § § § | |
| *Defendant*. | § § | |
| _____ | § § | |
| MARY SUE RIDDLE, | § § | |
| *Counter-Plaintiff/Third-Party Plaintiff*, | § § § § | |
| v. | § § | |
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 5, | § § § § § § § | |
| *Counter-Defendant/Plaintiff*, | § § | |
| v. | § § | |
| BANK OF AMERICA, N.A., OCWEN LOAN SERVICING, LLC, SERVIS ONE, INC. dba BSI FINANCIAL SERVICES | § § § § § | |
| *Third-Party Defendants*. | § § | |

**DEFENDANT'S ORIGINAL ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:**

NOW COMES, MARY SUE RIDDLE, Defendant, and files this her Original Answer to Plaintiff, CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 5's ("**Christiana Trust**") First Amended Complaint, and would respectfully show unto the Court as follows, to-wit:

### I.     PARTIES, JURISDICTION, AND VENUE

1.     Defendant lacks sufficient information and knowledge to admit or deny that Christiana Trust is a trustee of a trust.  Defendant lacks sufficient information and knowledge to admit or deny Christiana Trust's citizenship, principal place of business, or Christiana Trust's relationship to Wilmington Savings Fund Society.  Defendant contends that the remaining statements contained in paragraph 1 of Plaintiff's First Amended Complaint are statements of law to which no response is required.  To the extent the statements of law are allegations, Defendant denies the same.

2.     Defendant admits the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.

3.     Defendant admits the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint.

4.     Defendant admits the allegations contained in paragraph 4 of Plaintiff's First Amended Complaint.

## II.  FACTS

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint. Defendant states that the Note speaks for itself, and to the extent that Plaintiff's First Amended Complaint asserts allegations inconsistent with said Note, Defendant denies the same.

6. Defendant admits to concurrently executing a certain Homestead Lien Contract and Deed of Trust ("**Deed of Trust**"). Defendant denies that the Deed of Trust granted a security interest in certain real property and improvements ("**Property**") located in Tom Green County, Texas, commonly known as 1973 Beaty Road, San Angelo, Texas 76904-7747, and legally described as:

> LOT 14B, BLOCK 1, SECTION 2, GROUP 1 LAKE NASWORTHY ADDITION, SAN ANGELO, TOM GREEN COUNTY, TEXAS, ACCORDING TO THE MAP OF PLAT THEREOF RECORDED IN CABINET E, SLIDE 167, PLAT RECORDS OF TOM GREEN COUNTY, TEXAS.

Defendant states that the Deed of Trust speaks for itself, and to the extent that Plaintiff's First Amended Complaint asserts allegations inconsistent with said Deed of Trust, Defendant denies the same.

7. Defendant lacks sufficient information and knowledge to admit or deny the allegations in paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendant asserts that the Loan Agreement speaks for itself, and to the extent that paragraph 8 of Plaintiff's First Amended Complaint asserts allegations inconsistent with said Loan Agreement, Defendant denies the same. To the extent required, Defendant denies any remaining allegations in paragraph 8.

9. Defendant asserts that the Loan Agreement speaks for itself, and to the extent that paragraph 9 of Plaintiff's First Amended Complaint asserts allegations inconsistent with said Loan Agreement, Defendant denies the same. Defendant denies that the lender may enforce the Security Instrument by selling the Property.

10. Defendant denies that she has failed to make any payments on the Note. Defendant admits that she has failed to make some payments on the Note. Defendant lacks sufficient information and knowledge to admit or deny whether she has failed to comply with any and all covenants and conditions of the Security Instrument. To the extent required, Defendant denies the allegations, and asserts that Plaintiff has failed to comply with its covenants and conditions under the Security Instrument. Defendant states that Plaintiff breached its covenants first. Defendant states that any notices referenced in paragraph 10 of Plaintiff's First Amended Complaint speak for themselves, and to the extent Plaintiff's First Amended Complaint asserts allegations inconsistent with said notices, Defendant denies the same. To the extent paragraph 10 contains any additional allegations, Defendant denies the same.

### III. CAUSE OF ACTION-JUDICIAL FORECLOSURE

11. Paragraph 11 of Plaintiff's First Amended Complaint contains no allegations. However, to the extent that paragraph 11 does contain allegations, Defendant denies the same.

12. Defendant denies the allegations in paragraph 12 of Plaintiff's First Amended Complaint that assert Plaintiff has fully performed its obligations under the Loan Agreement. To the extent paragraph 12 contains any additional allegations, Defendant denies the same.

13. Defendant denies that the Security Instrument permits Plaintiff to judicially foreclose or non-judicially foreclose on the Property. To the extent paragraph 13 of Plaintiff's First Amended Complaint contains any additional allegations, Defendant denies the same.

14. Defendant denies that Plaintiff is entitled to recover its attorneys' fees in this action. To the extent paragraph 14 of Plaintiff's First Amended Complaint contains any additional allegations, Defendant denies the same.

15. Defendant denies that all conditions precedent have been performed or have occurred. The instant home equity loan lien is not foreclosure-eligible under the Texas Constitution. Defendant has notified the lender of the deficiency, but the lender has failed to comply and cure said deficiency within the applicable time-period.

### IV.  ALTERNATIVE CAUSE OF ACTION – EQUITABLE SUBROGATION

16. Paragraph 16 of Plaintiff's First Amended Complaint contains no allegations. However, to the extent paragraph 16 does contain allegations, Defendant denies the same.

17. Defendant admits that some of the loan proceeds were disbursed to Wells Fargo Bank. Defendant lacks sufficient information and knowledge to admit or deny whether the Wells Fargo loan was secured by a lien. To the extent required, Defendant denies the allegation. Defendant lacks sufficient information and knowledge to admit or deny if Plaintiff has paid taxes and insurance on the Property, and if so, the amounts paid. Defendant denies that Plaintiff is a successor in interest to BANA. Defendant denies that Plaintiff stands in the shoes of any prior secured creditor. Defendant denies that Plaintiff acquired any prior secured creditor's lien interest in the Property. Defendant denies that Plaintiff stands in the shoes of taxing entities. Defendant states that Plaintiff's rights with respect to the instant dispute are derived from the express terms of the loan agreement, which precludes equitable remedies. *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 648–49 (Tex. 2007). The time when a property tax lien attaches is a statement of law to which no response is required. To the extent paragraph 17 of Plaintiff's First Amended Complaint contains any additional allegations, Defendant denies the same.

18. Defendant denies that she has breached her obligation under the loan agreement because Plaintiff breached first. "A fundamental principle of [Texas] contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform, and its failure to perform cannot be considered a termination or breach of the contract." *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 406 (N.D. Tex. 2016), *motion for relief from judgment denied,* 3:10-CV-1629-L, 2016 WL 6093270 (N.D. Tex. Oct. 17, 2016)(internal quotation marks omitted). Defendant lacks sufficient knowledge and information to admit or deny whether the loan was accelerated. Defendant denies that Plaintiff is entitled to a judgment that the Note is in default. Defendant denies that Plaintiff is entitled to foreclosure to recoup funds expended to pay off prior debt. Defendant denies that Plaintiff is equitably subrogated to all amounts paid to other creditors ostensibly on behalf of Defendant.

19. To the extent Plaintiff's final unnumbered paragraph in its First Amended Complaint contains any factual allegations, Defendant denies the same. Defendant denies that Plaintiff is entitled to recover judgment against Defendant, order for foreclosure, or alternatively for judicial foreclosure, for a judgment pursuant to the doctrine of equitable subrogation, its interest and attorneys' fees and costs of suit, and any other relief.

## V.   AFFIRMATIVE DEFENSES

20. Without accepting the burden of proof on which Defendant does not have the burden as a matter of law, Defendant sets forth the following affirmative defenses and other defensive matters:

    A. Plaintiff fails to state a claim upon which relief can be granted.

    B. All or parts of Plaintiff's claims are barred by the accord and satisfaction.

    C.        All or parts of Plaintiff's claims are barred by release.

    D.        All or parts of Plaintiff's claims are barred by limitations.

    E.        All or parts of Plaintiff's claims are barred by waiver.

    F.        All or parts of Plaintiff's claims are barred by failure to mitigate its damages.

    G.        All or parts of Plaintiff's claims are barred by laches.

    H.        All or parts of Plaintiff's claims are barred by assumption of the risk.

    I.        All or parts of Plaintiff's claims are barred by Plaintiff's breach.

    J.        All or parts of Plaintiff's claims are barred by waiver and estoppel.

    K.        All of parts of Plaintiff's claims are barred because the deed of trust lien and power of sale are void.

    L.        All or parts of Plaintiff's claims are barred by the Texas Constitution because the instant home equity loan lien is not foreclosure-eligible. TEX. CONST. art. XVI, §50(a)(6).

    M.        All or parts of Plaintiff's claims are barred by the economic loss rule.

    N.        All or parts of Plaintiff's claims are barred by the express contract. *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 648–49 (Tex. 2007).

## VI.   PRAYER

**WHEREFORE**, Defendant requests that the Court render judgment that Plaintiff take nothing by its First Amended Complaint, and any additional relief to which Defendant is justly entitled.

Respectfully submitted,

/s/   J.B. Peacock, Jr.
J.B. Peacock, Jr.
State Bar No. 15678500
David M. Vereeke
State Bar No. 20457500
Colin P. Benton
State Bar No. 24095523

**GAGNON, PEACOCK & VEREEKE, P.C.**
1349 Empire Central Drive
Suite 500, Lock Box 56
Dallas, Texas 75247
Telephone:  (214) 824-1414
Facsimile:   (214) 824-5490
Email:  attorneys@gapslaw.com

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF**

## CERTIFICATE OF SERVICE

The following document was served on Mark D. Cronenwett (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this Case on 27th day of March, 2017.

/s/   J.B. Peacock, Jr.
Of Gagnon, Peacock & Vereeke, P.C.