IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 5,<br><br>    Plaintiff,<br><br>v.<br><br>MARY SUE RIDDLE,<br><br>    Defendant/Counter-Plaintiff/<br>    Third-Party Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Third-Party Defendants. | Civil Action No. 6:16-CV-59-C |

## ORDER

On this date, the Court considered:

    (1) Third-Party Plaintiff's First Amended Counterclaim and Third-Party Complaint, filed April 6, 2017;

    (2) Third-Party Defendant's Motion to Dismiss filed on April 17, 2017;

    (3) Third-Party Plaintiff's Response, filed May 8, 2017; and

    (4) Third-Party Defendant's Reply, filed May 19, 2017.

As stated in the Response, Third-Party Plaintiff is only alleging claims for breach of contract and violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.

§ 2605, et seq.

Third-Party Defendant Bank of America, N.A., contends that limitations bars the breach of contract claim because the loan originated on December 6, 2006, and Third-Party Plaintiff's claim was not filed until February 13, 2017. The Court agrees that limitations bars the breach of contract claim against Bank of America. Further, Third-Party Plaintiff's own signature on the documents referenced in the complaint indicates that she received the very documents she now alleges she failed to receive. *See, e.g., Rowten v. Wall Street Brokerage, L.L.C.*, 646 Fed. Appx. 379, 383-84 (5th Cir. Sept. 13, 2016) (a party who signs a document indicating that the party has received other documents will be bound by the signature where a reasonable investigation or inquiry would have revealed the existence and content of the other documents).

Third-Party Defendant Bank of America, N.A., also seeks dismissal of Third-Party Plaintiff's RESPA claim. More specifically, Bank of America contends that it is not a servicer of the loan and is not vicariously liable for a RESPA claim against the loan servicer. *See, e.g., Hawk v. Carrington Mortgage Servs, LLC*, 2016 WL 4414844, *4 (M.D. Penn. June 23, 2016) (gathering cases rejecting a theory of vicarious liability upon loan holders arising from the actions of loan servicers). Thus, as a loan holder who plays no role in the loan servicing, Bank of America can not be vicariously liable under RESPA as a matter of law.

Therefore, for the reasons stated herein, as well as those argued in the Third-Party Defendant's Motion to Dismiss and Reply, the Motion is **GRANTED**. All claims asserted against Third-Party Defendant Bank of America, N.A., by Third-Party Plaintiff, Mary Sue Riddle, are DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated this 6th day of October, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE