IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 5,** § § § § § § § *Plaintiff/Counter-Defendant*, § § **v.** § § **MARY SUE RIDDLE,** § § *Defendant/Counter-Plaintiff/Third-Party Plaintiff*, § § **v.** § § **OCWEN LOAN SERVICING, LLC,** *et al.*, § § *Third-Party Defendants.* § | | **Civil Action No. 6:16-cv-059-C** |

**U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE
FOR TRUMAN 2016 SC6 TITLE TRUST'S MOTION TO INTERVENE**

COMES NOW, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank" or "Intervenor"), files this Motion to Intervene.[1] In support thereof, U.S. Bank respectfully shows the Court the following:

**I. INTRODUCTION**

1. Plaintiff/Counter-Defendant Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee of ARLP Trust 5, ("Christiana Trust") filed suit against Mary Sue Riddle ("Riddle") seeking judicial foreclosure of mortgaged real property for failure to make

---

[1] Concurrently with the filing of this Motion, U.S. Bank also files a Motion for Leave to file a Motion for Summary Judgment as to judicial foreclosure of the Property.

---

**U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST'S MOTION TO INTERVENE**                                              Page 1 of 9

payments on the relevant Note.[2] Christiana Trust is the prior noteholder and assignee of the Deed of Trust at issue in this matter.

2.    On October 23, 2019, this Court granted a Motion for Summary Judgment filed by Christiana Trust and Servis One, Inc. d/b/a BSI Financial Services ("BSI"), who was the former servicer on behalf of the Christiana Trust.

3.    Concurrently with granting the Motion for Summary Judgment, the Court ordered Christiana Trust to move for judgment as a matter of law as to its judicial foreclosure claim on the subject real property, located at 1973 Beaty Road, San Angelo, Texas 76904 (the "Property").[3]

4.    Intervention is proper as a matter of right because U.S. Bank is the current noteholder and assignee of the Deed of Trust relating to the real property at issue in this lawsuit.

5.    U.S. Bank as mortgagee of record, hereby seeks to intervene in this lawsuit, adopt the claims for judicial foreclosure asserted by Christiana Trust in its Amended Complaint,[4] and seek a judicial order of foreclosure and eviction.

6.    Consequently, U.S. Bank, as the noteholder and assignee of the Deed of Trust, is filing its Motion for Leave to file a Motion for Summary Judgment seeking a judicial order of foreclosure, contemporaneously with this Motion to Intervene.

## II. MOTION TO INTERVENE

7.    Federal Rule of Civil Procedure 24(a)(2) provides that a district court should permit intervention on timely application by anyone who "claims an interest relating to the property or transaction that is the subject of the action," and whose interest may be "impair[ed] or impede[d]"

---

[2] ECF (Doc. 18), Christiana Trust's First Am. Compl.
[3] ECF (Doc. 102), Order ("[T]here now being no impediment to Plaintiff's request for judicial foreclosure, the Court hereby orders that Christiana Trust move for judgment as a matter of law as to said claim by no later than October 31, 2019.")
[4] ECF (Doc. 18), Plaintiff's First Amended Complaint.

by disposition of the action.[5] Rule 24(b)(1)(B) allows a court the discretion to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."[6] An intervenor should be permitted to intervene if the intervenor: (1) timely files the motion to intervene; (2) has an interest in the pending lawsuit; (3) has an interest that could be impaired or impeded by the case; and (4) has an interest that is not adequately represented by the existing parties.[7] Regardless though, Rule 24 is broadly construed in favor of intervention.[8]

8. The Court should allow U.S. Bank to intervene in this case for the following reasons: (1) U.S. Bank moves for intervention to comply with this Court's Order to move for judicial foreclosure on the Property; (2) U.S. Bank, as mortgagee of record, has an interest in the pending lawsuit; (3) said interest could be impaired or impeded by the disposition of this case; and, (4) the current Plaintiff, Christiana Trust, cannot adequately represent U.S. Bank's interest because Christiana Trust no longer has an interest in the Loan or the Property.

**A. U.S. Bank moves to intervene in accordance with this Court's October 23, 2019, Order.**

9. There is no bright-line rule about how quickly an applicant must move to intervene. Instead, when considering a motion to intervene, a court should consider how diligently the applicant acted once it received actual or constructive notice of the impending threat.[9] In determining whether intervention is timely, courts look at factors such as

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to

---

[5] Fed. R. Civ. P. 24(a)(2).
[6] Fed. R. Civ. P. 24(b)(1)(B).
[7] *See League of United Latin Am. Citizens v. City of Boerne*, 659 F.3d 421, 433 (5th Cir. 2011); *Benjamin v. Department of Pub. Welfare*, 701 F.3d 938, 948 (3d Cir. 2012).
[8] *See U.S. v. City of L.A.*, 288 F.3d 391, 397-98 (9th Cir. 2002); *see also Doe #1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (intervention should be allowed when no one would be hurt and greater justice can be obtained).
[9] *See In re Efron*, 746 F.3d 30, 35 (1st Cir. 2014).

promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.[10]

10. Here, there is no doubt Intervenor's motion is timely. On or about October 23, 2019, the Court granted summary judgment, dismissed Riddle's counterclaims and third-party claims in their entirety, and ordered Christiana Trust to move for judgment allowing judicial foreclosure on the Property.[11] Christiana Trust, however, is the only named party at this time, and has no interest in the loan because it is neither the mortgagee nor the current servicer. Accordingly, in order for the parties to proceed on the path discussed in the October 23, 2019, order, it is necessary for U.S. Bank to intervene as the proper party to assert the claim for judicial foreclosure.

11. As set forth in U.S. Bank's Motion for Summary Judgment being filed herewith, the last assignee of record of the Deed of Trust is, and remains, U.S. Bank through a chain of duly-recorded assignments.[12] Consequently, given the Court's order to move for judicial foreclosure by November 14, 2019 at 3:00 p.m., this intervention by U.S. Bank is timely so that the proper party in interest may now request judgment as a matter of law allowing judicial foreclosure on the Property.

12. U.S. Bank seeks to intervene so that it may adopt Christiana Trust's claim against Riddle for judicial foreclosure. There is no prejudice to Riddle or any other parties herein because the Court has already granted summary judgment dismissing Riddle's claims in their entirety and because U.S. Bank is not asserting any new claims not already fully briefed and adopted herein.

---

[10] *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *see also league of United Latin Am. Citizens v. City of Boerne*, 659 F.3d 421, 433 (5th Cir. 2011).

[11] *See* ECF (Doc. 101), Order Granting Summary Judgment, and ECF (Doc. 102), Order instructing Christiana Trust to move for judgment as a matter of law on its judicial foreclosure claim. Both Orders were entered by this Court on October 23, 2019.

[12] *See* Ex. A of Motion for Summary Judgment, filed contemporaneously herewith (Assignment No. 1 and Assignment No. 2).

As such, Riddle's defense to U.S. Bank's adoption and assertion of Christiana Trust's judicial foreclosure claim should not vary from the defenses she has already asserted to Christiana Trust's First Amended Complaint and its arguments related thereto.

13. Because the Court expressly permitted the filing of summary judgment on the judicial foreclosure claim, and there is no risk of prejudice to the original parties, this Motion to Intervene is timely filed.

**B. U.S. Bank has a substantial legal interest in the subject matter of this case and that interest could possibly be impaired if this matter proceeds without U.S. Bank's involvement.**

14. A party seeking to intervene must show it has an interest in the suit that is direct, substantial and legally protectable.[13] The relevant inquiry is whether the applicant has a stake in the suit that goes beyond a generalized preference that the case turn out a certain way.[14]

15. In addition, the party seeking to intervene must show that its interest may be impaired by an unfavorable disposition of the case.[15] Generally, the burden of establishing impairment of the interest is minimal.[16] For example, an applicant may demonstrate potential impairment of its interest if, without its interest, the applicant's interest may be impaired by the operation of res judicata, collateral estoppel, or stare decisis.[17]

16. Here, this lawsuit arises out of a Promissory Note ("Note") secured by real property located at 1973 Beaty Road, San Angelo, Texas 76904-7747 (the "Property").[18] On December 6,

---

[13] *See Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014); *Loyd v. Alabama Dept. of Corr.*, 176 F.3d 1336, 1340 (11th Cir. 1999*); U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995); *Pennsylvania v. President U.S. of Am.*, 888 F.3d 52, 57-58 (3d Cir. 2018).
[14] *See Texas v. U.S.*, 805 F.3d 653, 657 (5th Cir. 2015).
[15] *See Pennsylvania*, 888 F.3d at 59; *see also WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).
[16] *See id.; see also U.S. v. Texas E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991).
[17] *See United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995).
[18] *See* Ex. A of Motion for Summary Judgment, filed contemporaneously herewith (Promissory Note).

2006, Riddle executed a Note and Homestead Lien Contract and Deed of Trust ("Deed of Trust") in favor of Bank of America, N.A. ("BANA").[19] Plaintiff's Loan was secured by Deed of Trust encumbering the Property. The Deed of Trust provided that the Loan would become due and payable and the borrower would be in default, if, among other things: "Borrower fails to make any payment when due under the Indebtedness."[20] Through a chain of duly-recorded assignments, the last assignee of record of the Deed of Trust is U.S. Bank.[21]

17. U.S. Bank's interest in the subject matter of this lawsuit is simple: U.S. Bank is the current mortgagee of record who has standing to foreclose on the Property. U.S. Bank's interest is contractual and legal in nature: (1) contractual inasmuch as Riddle signed a promissory note promising to make payments of principal, interest, insurance and taxes, which by virtue of an assignment U.S. Bank now holds; and (2) U.S. Bank has a legal interest in the Property since it is the current assignee of record with respect to the Deed of Trust creating a security interest against the Property and U.S. Bank now seeks to foreclose that lien.

18. For these reasons, U.S. Bank's interest *will* be impaired by the outcome of this litigation should this Motion be denied.

**C.   Intervention in this case is necessary to protect U.S. Bank's interest because Christiana Trust has no current interest in the Loan.**

19. An intervenor is also required to show that its interest may not be adequately represented by the current parties in the case.[22] An intervenor may satisfy this requirement by

---

[19] *See* Ex. A of Motion for Summary Judgment, filed contemporaneously herewith (Promissory Note and Deed of Trust).

[20] *See* Ex. A of Motion for Summary Judgment, filed contemporaneously herewith (Deed of Trust), p. 4.

[21] *See* Ex. A of Motion for Summary Judgment, filed contemporaneously herewith (Assignment No. 1 and Assignment No. 2); Intervenor requests the Court take judicial notice of the Deed of Trust and Assignments as they were documents filed of record in the Real Property Records of Tom Green County, Texas, the authenticity of which cannot be readily controverted. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also* Fed. R. Civ. P. 201(b).

[22] *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Wolfsen Land & Cattle Co. v. Pacific Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315-16 (Fed. Cir. 2012).

showing that a present party will not make all of the applicant's arguments because its interest in the suit is different from the applicant's interest.[23] A potential intervenor "need not prove that the [existing party's] representation will in fact be inadequate, but only that it 'may be' inadequate."[24] Generally, the burden of establishing the inadequacy of representation is minimal.[25]

20. Here, the potential for inadequate representation is clear because Christiana Trust does not hold the note and is not the last assignee of record of the deed of trust. Thus, Christiana Trust (and its prior servicer BSI) lack standing to foreclose. On June 30, 2017, Christiana Trust (who had been assigned the Deed of Trust via prior Assignment) executed an Assignment of Deed of Trust in favor of U.S. Bank.[26] In short, Christiana Trust no longer has *any* interest in the Note or Deed of Trust and is not authorized to collect mortgage payments or effect foreclosure. Therefore, Christiana Trust has no real interest in the Loan or foreclosure as to the Property and accordingly may not adequately represent the interests of U.S. Bank in this lawsuit. The fact that Christiana Trust and U.S. Bank have different legal interests with respect to the Loan and Property is sufficient to satisfy the low burden to demonstrate that Christiana Trust's representation "may be inadequate."[27]

### III. CONCLUSION AND PRAYER

For these reasons, U.S. Bank has satisfied its burden of filing this motion to intervene; has demonstrated a legally protectable interest in the Property underlying this litigation that may be impaired by the results of this lawsuit; and, has demonstrated that Christiana Trust cannot

---

[23] *See Wolfsen Land & Cattle Co.*, 695 F.3d at 1316; *see also Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995).

[24] *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000).

[25] *See Tri-State Generation & Transmission Ass'n v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015).

[26] *See* Ex. A to Motion for Summary Judgment, filed herwith.

[27] *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000).

adequately represent U.S. Bank's interest related to the Property. U.S. Bank's presence as a party to this lawsuit is necessary to full disposition of the claims, parties, and issues present herein. U.S. Bank respectfully requests the Court grant this Motion allowing U.S. Bank to intervene herein and adopt and assert Christiana Trust's claims for judicial foreclosure as outlined in Christiana Trust's Amended Complaint.[28]

                Respectfully submitted,

By: */s/ Frank J. Catalano*
     **R. DWAYNE DANNER**
     State Bar No. 00792443
     **FRANK J. CATALANO**
     State Bar No. 24052991
     **MELINDA L. HOGAN**
     State Bar No. 24106226
     **MCGLINCHEY STAFFORD, PLLC**
     6688 North Central Expressway, Suite 400
     Dallas, Texas 75206
     Phone: 214-445-2445
     Facsimile: 214-445-2450
     ddanner@mcglinchey.com
     fcatalano@mcglinchey.com
     mhogan@mcglinchey.com

     **ATTORNEYS FOR INTERVENOR U.S. BANK**

---

[28] ECF (Doc. 18), Plaintiff's First Amended Complaint.

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 14, 2019, co-counsel for Intervenor Melinda Hogan conferred with counsel for Defendant/Counter-Plaintiff/Third-Party Plaintiff, Jack B Peacock, Jr, and counsel for Third-Party Defendant Ocwen Loan Servicing LLC, Ana Holloway, via email regarding this Motion. Mr. Peacock is opposed to this Motion and Ms. Alexander is unopposed to the Motion.

*/s/ Frank J. Catalano*
**Frank J. Catalano**

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system.

| *Via CM/ECF* | *Via CM/ECF* |
|---|---|
| Tatiana Alexander | Jack B Peacock , Jr |
| McGuire Woods LLP | Gagnon Peacock & Vereeke PC |
| 2000 McKinney Avenue, Suite 1400 | 1349 Empire Central Drive |
| Dallas, Texas 75201 | Suite 500 Lock Box 56 |
|  | Dallas, TX 75247 |
| *Attorneys for Third-Party Defendant, Ocwen Loan Servicing LLC* | *Attorneys for Defendant and Counter-Claimant, Mary Sue Riddle* |

*/s/ Frank J. Catalano*
**Frank J. Catalano**